Olayiwola O. Oduyingbo (BBO #691768)
Odu@odulawfirm.com
Ana Barros (BBO #714916)
abarros@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:    (401) 209-2029
Facsimile:    (401) 217-2299

*Attorneys for Plaintiffs*
*Jhone da Silva Fernandes and*
*Eduardo Lourenco Constantino*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JHONE DA SILVA FERNANDES and EDUARDO LOURENCO CONSTANTINO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SWEET BRAZIL MARKET, INC.,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq*.;**<br>2. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151 § 1 *et seq*.; and**<br>3. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

## **TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ........................................................................................1

PARTIES ...........................................................................................................................1

JURISDICTION ................................................................................................................3

VENUE ..............................................................................................................................3

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ..................................4

    Defendant Failed to Properly Compensate Plaintiffs for Minimum
    and Overtime Wage ..............................................................................................4

    Defendant Retaliated Against Plaintiffs for Asserting Their Legal
    Rights ....................................................................................................................5

    Defendant's General Employment Practices .............................................................5

    Plaintiffs Exhausted Their Administrative Remedies as to Their
    Wage Claims and Bring This Action ....................................................................6

CLAIMS FOR RELIEF ....................................................................................................7

PRAYER FOR RELIEF ..................................................................................................11

DEMAND FOR JURY TRIAL .......................................................................................12

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiffs, Jhone Da Silva Fernandes ("Mr. Da Silva Fernandes") and Eduardo Lourenco Constantino ("Mr. Lourenco Constantino") (collectively, "Plaintiffs") individually and on behalf of those similarly situated, bring this action against their former employer, Sweet Brazil Market, Inc. (hereinafter, "Sweet Brazil"), to assert their rights and remedy grave and rampant violations committed by Defendant over the course of several years. Mr. Da Silva Fernandes and Mr. Lourenco Constantino are seeking compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Massachusetts Payment of Wages Act, Mass. Gen. L. c. 149 § 148 *et seq.*, the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, § 1A; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Plaintiffs hereby allege as follows:

## PARTIES

2. Plaintiff, Jhone Da Silva Fernandes, is a resident of Massachusetts.

3. Plaintiff, Eduardo Lourenco Constantino, is a resident of Massachusetts.

4. At all times relevant herein, Mr. Da Silva Fernandes and Mr. Lourenco Constantino were employed by Defendant in the Commonwealth of Massachusetts.

5. Defendant is a Domestic Profit Corporation with a Principal Office located at 1032 Main St., Weymouth, MA 02910. Its registered agent is Lea Lucia Francisco located at 1032 Main Street Weymouth, MA 02190.

6. At all times relevant, Defendant owned, operated, or controlled a restaurant located at 1032 Main St, Weymouth, MA 02190 under the name "Sweet Brazil Market and Grill".

7. At all times relevant, Defendant was Mr. Da Silva Fernandes and Mr. Lourenco Constantino's "employer" within the meaning of all relevant statutes.

8. Indeed, Defendant possessed substantial control over Plaintiffs'—and other similarly situated employees'—working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all other similarly situated individuals, referred herein. Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

9. At all times relevant to this complaint, Defendant maintained a policy and practice of requiring Plaintiffs and all other employees to work without providing the proper minimum wage or overtime compensation required by federal and state law and regulations.

10. Defendant constitutes an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

11. Defendant's conduct extended beyond Plaintiffs to all other similarly situated employees.

12. Defendant is believed to have had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

13. At all relevant times, Defendant was engaged in commerce or in an industry or activity affecting interstate commerce. For instance, numerous items used daily in the restaurant were goods produced outside the State of Massachusetts and transported across state lines specifically for Defendant to use in their business operations.

14. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and for violations of M.G.L. Chapter 149, Section 152A and M.G.L. Chapter 151, Section 7, including applicable liquidated damages, interest, attorneys' fees and costs.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

15. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendant pursuant to 29 U.S.C. § 216(b).

### JURISDICTION

16. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiffs assert claims arising under federal law. Specifically, this action arises pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

17. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, each of which arise out of a common nucleus of operative facts as the claims over which the Court has original jurisdiction.

18. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendant because they have a principal place of business within this District, and they have sufficient minimum contacts in Massachusetts to render the exercise of jurisdiction by this Court both proper and necessary.

### VENUE

19. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant operates a company in this district and are deemed to reside in this District. Furthermore, Plaintiffs were employed by Defendant in this district.

20. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### Defendant Failed to Properly Compensate Plaintiffs for Minimum and Overtime Wage

21.     Mr. Da Silva Fernandes began working with the Defendant sometime around April of 2024 until his eventual departure in April of 2025.

22.     Throughout Mr. Lourenco Constantino's employment at Defendant, he earned approximately $20 an hour.

23.     Mr. Lourenco Constantino was initially hired in or around June of 2024 until his termination in February of 2025.

24.     Throughout Mr. Lourenco Constantino's employment at Defendant, he earned approximately $18 an hour.

25.     Plaintiffs worked at Defendant, six days a week, as many as 10 to 14 hours a day.

26.     Plaintiffs regularly handled goods in interstate commerce, such as food and other supplies produced outside of the Commonwealth of Massachusetts.

27.     Plaintiffs' work duties required neither discretion nor independent judgment.

28.     Despite working tens of hours in excess of 40 hours per week, Plaintiffs were never properly compensated for any overtime in excess of 40 hours per week.

29.     Indeed, any hours over those of 40 per week were compensated at a flat hourly and/or weekly rate and not at the overtime premium.

30.     Plaintiffs and other similarly situated employees were asked to participate in work meetings while off the clock.

31.     This resulted in unpaid labor per week which was never compensated.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Defendant Retaliated Against Plaintiffs for Asserting Their Legal Rights**

32. After Plaintiffs communicated their intent to seek legal remedy for wage violations, Defendant, by and through their agents and employees, engaged in unlawful retaliation by sending several written and oral communications to Plaintiffs and their current employers.

33. Specifically, Defendants told Plaintiffs that they would actively interfere with their employment prospects and ensure that they would never find employment in the Massachusetts or Rhode Island area again.

34. Further, Defendant contacted Plaintiffs' employers to attempt to interfere with their current employment. Defendant also contacted Plaintiffs directly to intimidate them on the Defendant's perceived belief of the Plaintiffs' immigration status.

35. These communications were made in the effort to dissuade or otherwise intimidate Plaintiffs as a direct result of their intent to seek legal remedy.

36. Despite several efforts to address the Defendant's behavior, Plaintiffs suffered retaliation on several occasions prior to the submission of this filing.

**Defendant's General Employment Practices**

37. At all times to this Complaint, Defendant maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying employees appropriate overtime premium as required by federal and state laws.

38. Plaintiffs were victims of Defendant's common policy and practices which violate their rights under the FLSA and Massachusetts labor laws by not paying them the appropriate overtime compensation they are owed for the hours worked.

39. Upon information and belief, these practices by Defendant were done willfully to avoid paying Plaintiffs and similarly situated employees properly for their full hours worked.

40. Defendant engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA

and state laws.

41.  Defendant's unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

**Plaintiffs Exhausted Their Administrative Remedies as to Their Wage Claims and Bring This Action**

42.  Pursuant to the state law requirements as set forth in Massachusetts General Laws Chapter 149 § 150, Mr. Da Silva Fernandes and Mr. Lourenco Constantino submitted their statutory claims with the Office of the Attorney General and received a Right to Sue letter.

### FLSA COLLECTIVE ACTION CLAIMS

43.  Plaintiffs bring their FLSA minimum and overtime wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Collective members"), i.e., persons who are or were employed by Defendant or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

44.  At all relevant times, Plaintiffs and other members of the FLSA Collective were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

45.  The claims of Plaintiffs stated herein are similar to those of the other employees.

## CLAIMS FOR RELIEF

46. Plaintiffs reallege and incorporate by reference paragraphs 1 through the immediately preceding paragraph as if fully set forth herein.

### First Claim for Relief

*Failure to pay minimum wage – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

*(Brought on behalf of Plaintiffs and the FLSA Collective)*

47. Defendant by their individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct. Defendant's practice of willfully failing or refusing to pay Plaintiffs and all other similarly situated individuals at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a). Plaintiffs and all other similarly situated individuals are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs. Defendant willfully and deliberately deprived Plaintiffs (and the FLSA Class members) of their rights secured by the FLSA, causing Plaintiffs (and the FLSA class members) to suffer damages as aforesaid.

### Second Claim for Relief

*Failure to Pay Overtime – Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

*(Brought on behalf of Plaintiffs and the FLSA Collective)*

48. Defendant by their acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff overtime premium for the hours worked in excess of 40 per week in violation of the FLSA, 29 U.S.C. § 207. Under the FLSA, an employer found guilty of violating the statutory provisions therein, like section 207, is liable for liquidated damages, which is an additional amount equal to the owed amount. See 29

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

U.S.C. § 216(b). Defendants willfully and deliberately deprived Plaintiff (and the FLSA Class members) of their rights secured by the FLSA, causing Plaintiff (and the FLSA class members) to suffer damages as aforesaid.

### Third Claim for Relief

*Non-Payment of Wages– Massachusetts Payment of Wages Act,*

*Mass. Gen. L. c. 149 § 148 et seq.*

*(Brought on behalf of Plaintiffs)*

49.     Defendant by their individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiffs their earned wages in violation of the Massachusetts Payment of Wages Act, Mass. G. L. c. 149 § 148. Under this Act, employees who are terminated must be paid in full on the day of discharge. At the very latest, wages must be paid within six days after the end of the pay period in which the wages were earned. *Id.* The Act further prohibits an employer from withholding earned wages based on their own unilateral decision to apply a wage set-off. Mass. G. L. c. 149 § 150. Per the Wage Act, an employer is liable for triple damages on late-paid wages and the Act imposes strict liability on employers for late payment or nonpayment of wages. *Id.*

### Fourth Claim for Relief

*Failure to Pay Overtime Wages – Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §§ 1A, 1B*

*(Brought on behalf of Plaintiffs and the FLSA Collective)*

50.     Defendant, by their individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by failing to pay Plaintiff for the hours worked in excess of 40 in a week or 8 in a day, at the overtime premium, in violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws. c. 151, §§ 1A, 1B. Under this Act, Plaintiffs and similarly situated employees should have been paid an overtime premium of for

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

each overtime hour worked in a week (which ranges from 10 to 40). Per the Wage Act, an employer is liable for triple damages on late-paid wages, and the Act imposes strict liability on employers for late payment or nonpayment of wages. Id. Defendant willfully and deliberately deprived Plaintiff (and the Massachusetts Overtime Class members) of their rights secured by the Massachusetts Minimum Fair Wages Act, causing Plaintiff (and the Massachusetts Overtime class members) to suffer damages as aforesaid.

### Fifth Claim for Relief

*Retaliation – Massachusetts Payment of Wages Act,*

*Mass. Gen. Laws c. 149 § 148A*

*(Brought on behalf of Plaintiffs)*

51. Defendant by their individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct under Mass. Gen. Laws c. 149 § 148A by threatening and intimidating at least one former employee because of their choice to seek legal remedy for several substantial violations. Specifically, the Defendant attempted to dissuade Plaintiffs from asserting their legal rights. Defendants willfully and deliberately deprived Plaintiff (and the Massachusetts Overtime Class members) of their rights secured by the Massachusetts Payment of Wages Act, causing Plaintiff (and the Massachusetts Overtime class members) to suffer damages as aforesaid.

### Sixth Claim for Relief

*Retaliation– Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §§ 19(1),(5)*

52. Defendant by their individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct under Mass. Gen. Laws c. 151 §§ 19(1), (5) by threatening and intimidating Plaintiff for reporting and seeking a legal remedy for several substantial violations. Specifically, the Defendant used what they perceived to be a vulnerability,

namely the Plaintiffs' immigration status, as leverage to dissuade them from asserting their legal rights. Defendant willfully and deliberately deprived Plaintiffs of their rights secured by the Massachusetts Minimum Fair Wages Act, causing Plaintiffs to suffer damages as aforesaid.

### Seventh Claim for Relief

*Retaliation – Fair Labor Standards Act,*

*29 U.S.C. § 215(a)(3)*

53. Defendant by their individual acts and/or omissions, including, but not limited to those described herein, engaged in unlawful conduct by threatening and intimidating at least one former employee because of their choice to report and seek legal remedy for several substantial violations. Section 15(a)(3) of the FLSA prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter [8 of the FLSA], or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3). Specifically, the Defendant attempted used what they perceived to be a vulnerability (namely, the Plaintiffs' immigration status), as leverage to dissuade them from asserting their legal rights. As a result of Defendant's retaliatory conduct, a reasonable employee may well be dissuaded from engaging in activities protected under the Act, such as asserting their right to receive proper compensation or cooperating with an investigation or litigation concerning violations of the FLSA. This conduct extended to all other similarly situated employees. Defendant willfully and deliberately deprived Plaintiff (and the FLSA Class members) of their rights secured by the FLSA, causing Plaintiff (and the FLSA class members) to suffer damages as aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Da Silva Fernandes and Mr. Lourenco Constantino, individually and on behalf of all others similarly situated, prays and respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime for all hours worked over forty (40) in a work week.

B. Designation of Plaintiffs as Collective Representatives and counsel of record as Collective Counsel;

C. A declaratory judgment declaring that the acts and/or omissions of Defendants, including, but not limited to those complained of herein, are in violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq.*; the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151 § 1 *et seq.*; and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

D. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated.

E. An injunction or other equitable relief, including, but not limited to, an award of back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Plaintiffs whole for all earnings and benefits Plaintiffs would have received but for the violations.

F. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Plaintiffs are entitled.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

G. An award of prejudgment interest, reasonable attorneys' fees, and costs;

H. A reasonable incentive award for the lead Plaintiffs to compensate them for the time he spent attempting to recover wages for Class Members and for the risks they took in doing so; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all issues triable as of right.

Dated: June 17, 2025

**ODU LAW FIRM, LLC**

By:  /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO #691768
**Ana Barros, Esq.**
BBO #714916
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com
ABarros@odulawfirm.com
**ATTORNEYS FOR PLAINTIFFS JHONE DA SILVA FERNANDES, EDUARDO LOURENCO CONSTANTINO, AND OTHERS SIMILARLY SITUATED**